William V. ROBBINS, Appellant,

v.

George J. REED, Chairman, United States Board of Parole, et al.,
Appellees.
No. 14883.

United States Court of Appeals
District of Columbia Circuit.

Argued April 22, 1959.

Decided July 2, 1959.

Mr. Thomas F. Ryan, Jr., Washington, D. C., for appellant.

Mr. D. Robert Owen, Attorney, Department of Justice, of the bar of the Supreme Court of Texas pro hac vice, by special leave of court, with whom Messrs.

Oliver Gasch, U. S. Atty., and Harold H. Greene, Attorney, Department of Justice, were on the brief, for appellees. Messrs. Carl W. Belcher, and Nathan J. Paulson, Asst. U. S. Attys., also entered appearances for appellees.

Before Mr. Justice BURTON, retired,* and EDGERTON and FAHY, Circuit Judges.

FAHY, Circuit Judge.

Appellant sued in the District Court for a declaratory judgment and a mandatory injunction, seeking release from the United States Penitentiary in Atlanta, where he was detained after revocation of his parole. Defendants, appellees, are the members of the United States Board of Parole, located in the District of Columbia. The District Court granted their motion to dismiss, being of the opinion that it lacked jurisdiction to grant the essential relief requested. This appeal followed.

On April 27, 1955, appellant was arrested on a warrant alleging violation of his parole. Upon his return to the penitentiary in Atlanta a hearing was held there before an Examiner of the Parole Board. This was followed on May 31, 1955, by action of the Parole Board revoking the parole. Appellant attacks this action on the ground he was not given an opportunity to obtain counsel for the purpose of the hearing or to present testimony. Consequently, he alleges, he was deprived of "an opportunity to appear" granted by statute.[1]

The federal statute, 18 U.S.C. § 4207 (1952) provides that a prisoner retaken upon a warrant issued by the Board "shall be given an opportunity to appear before the Board, a member thereof, or an examiner designated by the Board." In Fleming v. Tate, 81 U.S. App.D.C. 205, 156 F.2d 848, we were called upon to interpret very similar language in the District of Columbia Code, providing that a parolee arrested for vio-

---

* Sitting by designation pursuant to Sec. 294(a), Title 28, U.S.Code.

1. He alleges also that subsequent to the hearing his parole was revoked by the Board without a statement of reasons therefor.

lation of his parole "shall be given an opportunity to appear before [the] Board of Indeterminate Sentence and Parole." D.C.Code 1940, § 24–206. We held this to require, if he so elects, that the prisoner should be given an opportunity to appear with counsel and to present testimony. And in Moore v. Reid, 100 U.S. App.D.C. 373, 246 F.2d 654, we held that the prisoner does not waive this statutory privilege when he is not advised that he has it.

The present complaint, fairly construed, indicates the absence of counsel, no advice of appellant's right thereto, and no waiver of the right to appear with counsel and to present testimony. Accordingly, we think the complaint makes out a case which, if sustained by evidence, would undermine the validity of the parole revocation.[2]

■ On the jurisdictional issue appellees point out that the Administrative Procedure Act,[3] upon which appellant relies, excludes review of agency action which "is by law committed to agency discretion"; therefore, they say, the determination of the Parole Board is not subject to review, since the applicable statute commits revocation of parole to the Board's discretion.[4] We assume the discretion applies to the action taken as well as to its timing; but when revocation ensues upon a failure to comply with statutory procedural rights there is no discretion to revoke parole.

■ The Board contends further that should the Administrative Procedure Act apply the sole form of legal action available is a habeas corpus proceeding in the jurisdiction of the prisoner's confinement, excluding an action such as this for a declaratory judgment in the District of Columbia. This contention relies upon § 1009(b) of the Act which provides that where there is no other statutory provision for review, or the one available is inadequate, the form of proceeding for review shall be "any applicable form of legal action (including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus)." We need not inquire as to the correctness in general of the view that habeas corpus is the "applicable" form of action, for a special circumstance takes this case out of the general. As appellees frankly point out, the Court of Appeals for the Fifth Circuit, in which circuit appellant is confined, has held in Howell v. Hiatt, 1952, 199 F.2d 584, that an attack upon the validity of a parole revocation order must be made by an action against the Board itself in the District of Columbia and not by habeas corpus proceedings against the Warden of the penitentiary in Atlanta where the prisoner is confined. See, also, United States ex rel. Rowe v. Nicholson, 4 Cir., 1935, 78 F.2d 468, certiorari denied 296 U.S. 573, 56 S.Ct. 118, 80 L.Ed. 405, and United States ex rel. Nicholson v. Dillard, 4 Cir., 1939, 102 F.2d 94. Though the Supreme Court might eventually hold the rule in the Fifth Circuit to be wrong, a habeas corpus proceeding there is at present hardly the sole applicable form of action available to this appellant, especially when an action for a declaratory judgment in the District of Columbia is so readily available. The Administrative Procedure Act does not rigidly require a habeas corpus proceeding to be used ex-

2. The amendment of the D.C.Code, appearing now as § 24–206, D.C.Code (1951), enacted subsequent to Fleming v. Tate, supra, explicitly provides that upon being retaken upon a warrant the prisoner "may be represented by counsel" at the hearing before the Board, a member thereof, or examiner. This amendment does not militate against our construction of the federal statute which has not been made explicit in this respect, for in Fleming v. Tate we construed the local statute to permit representation by counsel before the amendment, when in all essential respects the District of Columbia Code was worded as the federal statute is now worded.

3. 60 Stat. 243 (1946), 5 U.S.C. § 1009 (1952), 5 U.S.C.A. § 1009.

4. "The Board may then, [after a hearing] or at any time in its discretion, revoke the order of parole and terminate such parole or modify the terms and conditions thereof." 18 U.S.C. § 4207 (1952).

clusively in all cases where prior to the Act it was applicable. Brownell v. Tom We Shung, 352 U.S. 180, 77 S.Ct. 252, 1 L.Ed.2d 225. Appellant's action in this jurisdiction presents a case or controversy between himself and the Board. Should the evidence establish his case the District Court could declare the revocation invalid, in which event his continued detention would not be supported by the present order of the Board.[5] We need not decide more than that in the special circumstances of this case the present action in the District Court in this jurisdiction is an available alternative to a habeas corpus proceeding in the Northern District of Georgia.

Reversed and remanded.

---

5. In Fleming v. Tate and Moore v. Reid, supra, in both of which cases the prisoners were confined in the District of Columbia, habeas corpus proceedings were adequate; but these decisions do not control the form of action in the circumstances now before us. And the fact that habeas corpus is not available unless the applicant is under restraint or detention of course does not mean that the validity of every restraint or detention must be tested by habeas corpus. See, for example, 28 U.S.C. § 2255 (1952). Indeed, direct review by appeal from a judgment of conviction is usually had in a court other than that having jurisdiction at the place of detention.