UNITED STATES of America,

v.

George Henry HOCK, Jr., Appellant.

No. 13064.

United States Court of Appeals Third Circuit.

Submitted Feb. 19, 1960.

Decided March 18, 1960.

George Henry Hoch, Jr., pro se.

Walter E. Alessandroni, Joseph L. Mc-Glynn, Jr., Robert J. Thompson, Philadelphia, Pa., for appellee.

Before BIGGS, Chief Judge, and STALEY and HASTIE, Circuit Judges.

PER CURIAM.

The appellant Hoch was sentenced to five years imprisonment by the court below for mail thefts and illegally transporting a motor vehicle in interstate commerce. He was subsequently sentenced to a prison term of three and one-half years by the United States District Court for the Eastern District of New York for another mail theft. Hock filed a motion in the court below apparently pursuant to Section 2255, Title 28 U.S.C., to correct the "sentence" imposed on him by the Parole Board. The court below denied the relief sought without stating its grounds.

The appellant asserts that he is unlawfully imprisoned because he was not afforded the benefit of counsel at the hearing before the United States Board of Parole to determine whether he should be recommitted to prison as a conditional release violator and also that he was unlawfully deprived of his statutory and industrial good time. Finally, he contends that he has not been given credit for all the time he has actually spent in jail under his original five year sentence.

██ It is clear that the court below did not possess the power to grant the relief sought. Section 2255 was designed as a means, in lieu of habeas corpus, to correct sentences erroneously imposed by a court. Hock does not complain of the sentences imposed by the courts but of what he asserts was the wrongful action of the Parole Board. Section 2255 cannot be employed to correct actions of the Board. What remedy Hock may avail himself of if he be entitled to relief is not before us. See, however, Robbins v. Reed, 1959, 106 U.S.App.D.C. 51, 269 F.2d 242; Howell v. Hiatt, 5 Cir., 1952, 199 F.2d 584; and United States ex rel. Rowe v. Nicholson, 4 Cir., 1935, 78 F.2d 468.

Accordingly, the judgment will be affirmed.