Lloyd Miles **WASHINGTON**, Appellant,

v.

**C. R. HAGAN**, Warden, United States Penitentiary, Lewisburg, Pennsylvania.

No. 13246.

United States Court of Appeals Third Circuit.

Submitted Sept. 15, 1960.

Decided Dec. 20, 1960.

Rehearing Denied Jan. 31, 1961.

Lloyd Miles Washington, pro se.

Daniel H. Jenkins, James S. Palermo, Scranton, Pa., for appellee.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from a judgment denying a writ of habeas corpus entered in the United States District Court for the Middle District of Pennsylvania. 183 F. Supp. 414 (M.D.Pa.1960).

A short history of the case is as follows: Washington was convicted of a federal offense and served part of a prison term. He was paroled. While on parole he was arrested, tried and convicted in the state court of Pennsylvania for armed robbery. He never appealed nor was he sentenced by the state court for the offense. Instead, he was taken into custody as a parole violator by the federal authorities. He was given a hearing and his parole was revoked. He now seeks relief by habeas corpus. Of course he has no grounds for review in this Court of his state conviction whether improperly obtained or not. He is not held in custody as a result of the state con-

viction but as a result of the revocation of his parole by the federal authorities.

The basis of his appeal is that he did not have counsel at the time of the hearing on his parole revocation and was not told that he was entitled to counsel. The prosecution frankly admits that he was not informed that he was entitled to counsel and that if he had asked for counsel he would not have been allowed to be represented by a lawyer at the hearing. This, he says, is in violation of his constitutional rights. The courts which have considered the question, however, have treated the matter as one of statutory construction as shown in the opinions cited below. See also Escoe v. Zerbst, 1935, 295 U.S. 490, 492, 55 S.Ct. 818, 79 L.Ed. 1566.

In this Circuit we have held this year that the complaint that a prisoner does not have counsel before the Board of Parole may not be heard in a proceeding under 28 U.S.C. § 2255. United States v. Hock, 3 Cir., 1960, 275 F.2d 726. The Court said in that case whether any other form of relief was open to the appellant was not at the time before it.

■■ Concerning the form of relief, we do not see why the question cannot be raised either by application for habeas corpus or a declaratory judgment to review the propriety of the action. The later proceeding, of course, would necessarily be in the District of Columbia where jurisdiction of the Board may be had. Robbins v. Reed, 1959, 106 U.S. App.D.C. 51, 269 F.2d 242; Howell v. Hiatt, 5 Cir., 1952, 199 F.2d 584 (holding habeas corpus an improper remedy). But if this prisoner is unlawfully detained by reason of his deprivation of constitutional rights or otherwise,[1] we think he is entitled to challenge the legality of his detention by application for the Great Writ.

■ ■ On the merits of the case there is divided authority. The District of Columbia Circuit decided in a case involving the district only that a parolee was entitled to counsel at his hearing. Fleming v. Tate, 1946, 81 U.S.App.D.C. 205, 156 F.2d 848, 849. That Court interpreted the words "opportunity to appear" to include "opportunity to appear with counsel." The statute applicable to the district was amended to codify this decision.[2] But later the Court of Appeals for that Circuit decided the question the same way in a case not involving the local statute. Robbins v. Reed, 1959, 106 U.S.App.D.C. 51, 269 F.2d 242. In the meantime, the revision of 18 U.S. C. had reenacted the provision for a parolee's hearing without putting in the clause allowing counsel at the revocation hearing.[3]

Some of the courts which have considered this question, indeed the District Court in this case, laid stress on the fact that the reenactment of the federal statute without the provision for counsel representation is significant in showing the intent of Congress not to allow it. Poole v. Stevens, D.C.E.D.Mich.1960, 190 F.Supp. 938; United States ex rel. McCreary v. Kenton, D.C.D.Conn.1960, 190 F.Supp. 689; Lopez v. Madigan, D.C.N.

1. 28 U.S.C. § 2241(c) provides, in part:
"The writ of habeas corpus shall not extend to a prisoner unless—
* * * * *
"(3) He is in custody in violation of the Constitution or laws or treaties of the United States * * *".
If Washington had a constitutional or statutory right to be accompanied by counsel at his revocation hearing, then he is in custody in violation of the "Constitution or laws."

2. The following sentence was added to the statute relating to parole revocation hearings:

"At such hearing he may be represented by counsel." D.C.Code Ann. § 24–206 (1951).

3. The statute, in pertinent part, reads:
"A prisoner retaken upon a warrant issued by the Board of Parole, shall be given an opportunity to appear before the Board, a member thereof, or an examiner designated by the Board.
"The Board may then, or at any time in its discretion, revoke the order of parole and terminate such parole or modify the terms and conditions thereof." 18 U.S.C. § 4207.

D.Cal.1959, 174 F.Supp. 919. We should be reluctant to regard this as the reason for the conclusion.[4] Nor can we believe that the Administrative Procedure Act, 5 U.S.C.A. § 1005, was ever intended to cover this kind of a case.

We think the conclusion reached below was right, however, because we think the practice for more than fifty years has been to allow a prisoner a hearing but not representation by counsel. We think the practice is right because this matter of whether a prisoner is a good risk for release on parole or has shown himself not to be a good risk, is a disciplinary matter which by its very nature should be left in the hands of those charged with the responsibility for deciding the question. Of course, if the parolee does not get a fair hearing, that is another question and a well thought out district court case has been decided on that basis. United States ex rel. McCreary v. Kenton, D.C.D.Conn.1960, 190 F.Supp. 689.

The period of contentious litigation is over when a man accused of crime is tried, defended, sentenced and, if he wishes, has gone through the process of appeal. Now the problem becomes one of an attempt at rehabilitation. The progress of that attempt must be measured, not by legal rules, but by the judgment of those who make it their professional business. So long as that judgment is fairly and honestly exercised we think there is no place for lawyer representation and lawyer opposition in the matter of revocation of parole.

We quite realize that this conclusion is contrary to the one reached by our brethren in the District of Columbia. We are satisfied that the result we reach is the proper one. Nevertheless, the final word must either come from the Congress or the Supreme Court.

The judgment of the district court will be affirmed.

Rehearing denied; BIGGS, C. J., and HASTIE, J., dissenting.

4. It is worth noting in this connection that the change in the District of Columbia Code was considered and reported to the Congress by the District of Columbia

Committees of the respective Houses while the revision of Title 18 of U.S.C. came out of the Judiciary Committees.