George J. REED, Chairman, U. S. Board of Parole, et al., Appellants,

v.

Lloyd D. BUTTERWORTH, Appellee.

No. 16178.

United States Court of Appeals
District of Columbia Circuit.

Argued June 8, 1961.

Decided Nov. 9, 1961.

Mr. David Rubin, Atty., Dept. of Justice, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Asst. Atty. Gen. Burke Marshall, Messrs. David C. Acheson, now U. S. Atty., Oliver Gasch, U. S. Atty., at the time the brief was filed, Harold H. Greene and Kenneth M. Levy, Attys., Dept. of Justice, were on the brief, for appellants. Mr. Charles T. Duncan, Prin. Asst. U. S. Atty., also entered an appearance for appellants.

Mr. George J. Goldsborough, Jr., Washington, D. C. (appointed by this court), filed a brief on behalf of appellee.

Before WILBUR K. MILLER, Chief Judge, and WASHINGTON and DANAHER, Circuit Judges.

WASHINGTON, Circuit Judge.

This case raises serious issues as to the procedures adopted by the United States Board of Parole in dealing with a parolee who allegedly had violated the conditions of his parole.

Appellee Butterworth was sentenced by the United States District Court for the Western District of Michigan to five years imprisonment for transporting a stolen motor vehicle in interstate commerce. After serving three years and five months, he was given a mandatory release on March 18, 1959, under 18 U.S.C. §§ 4163, 4164. On April 8, 1960, he was arrested in Alabama as a mandatory release violator under a warrant issued by the Board of Parole, and was returned to the United States Penitentiary at Atlanta. Appellee received a hearing before a member of the Parole Board on May 17, having spent the intervening 39 days in the penitentiary. The parties have stipulated that plaintiff was advised of his right to counsel, that he desired one, that he was without funds to employ counsel, and that the hearing was held without representation of counsel. Appellee also requested that he be allowed to present voluntary witnesses on his behalf. The hearing was held without such witnesses, and both parties now treat the situation as if the Board precluded appellee from putting on his witnesses. The proceedings were continued pending receipt of a report of the probation officer. On September 6, 1960, almost five months after appellee was arrested for parole violation, the Board reconvened, read the probation officer's report (dated August 9, 1960), and revoked appellee's release. Appellee had already filed a complaint in the District Court for the District of Columbia for declaratory and injunctive relief, claiming a denial of due process in that he had been precluded from pre-

senting witnesses at his hearing. On subsequent cross-motions for summary judgment, the District Court issued an order on December 1, 1960, directing the Parole Board to vacate its revocation order, and to hold a new hearing within a reasonable time, giving appellee an opportunity to present witnesses on his behalf who would be willing to appear voluntarily. This appeal followed. Appellee was released on his recognizance bond on February 14, 1961, pending this appeal.

The provisions of the District Court's order challenged by the Government are as follows:

"(a) The United States Board of Parole is directed to vacate and set-aside its Order of mandatory release revocation entered on September 6, 1960 in the case of plaintiff Lloyd Daniel Butterworth.

"(b) The United States Board of Parole is further directed to convene a hearing within a reasonable time following entry of this Order on the alleged violation of conditional release by plaintiff Lloyd Daniel Butterworth at which hearing the plaintiff shall be given an opportunity to appear, to be represented by counsel of his choice, to testify in his own behalf if he so elects, and to present the testimony of such witnesses on his behalf as are willing to appear voluntarily for this purpose, it being understood that such witnesses shall be examined at the time of the hearing attended by the plaintiff and in his presence, and that the testimony of said witnesses shall be limited to matters relevant and material to the alleged violation.

"(c) To the extent that applicable prison regulations prevent effective communication by plaintiff with such persons as he desires to call as witnesses, the United States Board of Parole is further directed to ascertain from plaintiff the names and addresses of such persons as he desires to call as witnesses and to communicate to said witnesses plaintiff's request that they appear, stating the time, place and purpose of said hearing."

 The chief contention of the Government in this court is that Congress intended only informal hearings for alleged violators of parole, that it would be administratively impossible to allow hearings to become more formal, and that the decisions of this and other courts indicate that witnesses need not be heard. The Government appears to concede that Butterworth was entitled to counsel, as of course he was. Cf. Glenn v. Reed, 110 U.S.App.D.C. 85, 289 F.2d 462 (1961).[1] But it strenuously complains of the order's requirement that voluntary witnesses be heard.

The Government urges that the language of Section 4207 of Title 18 of the Code, to the effect that "A prisoner * * shall be given an opportunity to appear" before the Board of Parole or its representative should be narrowly construed, so as to provide only an informal hearing. But such a construction, carried to its logical conclusion, would deny even the right to counsel. And in Fleming v. Tate, 81 U.S.App.D.C. 205, 156 F.2d 848 (1946), this court had to construe the almost identical language of the statute governing the procedures of the District of Columbia Board of Indeterminate Sentence and Parole. We said:

"What did Congress have in mind when it said that when so accused the parolee 'shall be given an op-

1. The order of the District Court stated in regard to counsel:
"(d) Nothing in this Order is to be construed as requiring the United States Board of Parole to appoint or otherwise provide counsel for plaintiff at said hearing, plaintiff's right to appear by counsel being expressly limited to counsel retained or otherwise secured by him."
The correctness of this portion of the order is not in issue on this appeal, and we are not called upon to express an opinion regarding it. Compare Moore v. Reid, 100 U.S.App.D.C. 373 at 376, 246 F.2d 654 at 657 (1957).

portunity to appear before said Board'? It could not have meant merely his physical presence. Such a statutory requirement must have had a purpose. The only conceivable purpose is that the parolee should be enabled to present whatever he may have to present pertinent to the question raised by his alleged act." P. 207 of 81 U.S.App. D.C., p. 850 of 156 F.2d.

We further said:

"The District Court held that this provision means an effective appearance, and thus necessarily means the presence of counsel if the prisoner so elects, and the receipt of testimony if he has testimony to present.

&ast; &ast; &ast; &ast; &ast; &ast;

"We do not repeat but adopt with approval the reasoning which led the District Court to grant the writ." Supra at 206, 208, 156 F.2d 849, 851.

▇ In our view, the Fleming case is conclusive here, and requires affirmance of the District Court's order. The Government misreads that case when it seeks to confine receipt of testimony at a revocation hearing to that of the prisoner. Testimony "offered by the prisoner" (the language in the Fleming case quoted by the Government) is not necessarily confined to testimony spoken by the prisoner, as is shown by the language we have quoted. Moreover, a central issue in that case was whether the prisoner's employer, who had asked to testify in his behalf, was properly denied permission to do so. Finally, this court adopted "with approval" the reasoning of the District Court, and the District Court expressly gave

the prisoner "the right to present evidence and adduce witnesses" (In re Tate, 63 F.Supp. 961 at 962). See also Robbins v. Reed, 106 U.S.App.D.C. 51 at 52, 269 F.2d 242 at 243 (1959).[2]

It may be, as the Government says, that the Board lacks subpoena power. But this does not serve to undermine the order here on appeal, which allows Butterworth to call as his witnesses only those persons who "would be willing to appear voluntarily." We need not say what should be done in regard to adverse or recalcitrant witnesses: Butterworth voices no disagreement with this part of the order, and the Government can hardly raise the issue at this stage.

Several cases which have arisen in the last five years appear to demonstrate that the United States Board of Parole does not agree with the decisions of this court in this field, or at least does not follow them. See Glenn v. Reed, 110 U.S.App. D.C. 85, 289 F.2d 462 (1961); Hurley v. Reed, 110 U.S.App.D.C. 32, 288 F.2d 844 (1961); Robbins v. Reed, 106 U.S.App. D.C. 51, 269 F.2d 242 (1959). The Parole Board apparently still has the notion, which we criticized in Fleming v. Tate, that revocation hearings are mere formalities, and the result a foregone conclusion. As long as the Board evidences this philosophy by denying fundamental procedural safeguards, we will be compelled to order new hearings, and, in cases of grievous injustice, to order such further relief as the circumstances may warrant. See, for example, Glenn v. Reed, supra.[3]

For these reasons, the order of the District Court will be

Affirmed.

Washington v. Hagan, 287 F.2d 332 at 333 (3rd Cir.1961).

2. The Government points to an amendment in 1947 to the provision of the D.C.Code construed in the Fleming case, and attaches much significance to the failure of Congress to state in the amendment, which codified the right to counsel, that witnesses could be called. See D.C.Code § 24–206, as amended. We do not agree. Cf. United States ex rel. McCreary v. Kenton, 190 F.Supp. 689 (D.Conn.1960);

3. As Butterworth is now at liberty, and since this case does not seem to us as extreme as Glenn, we will not order his release. However, he should remain at liberty until a new hearing is accorded him.