Walter C. BARNES, Appellant,

v.

George J. REED, Chairman, United States Board of Parole, et al., Members, United States Board of Parole, Appellees.

No. 16227.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 14, 1961.

Decided Jan. 11, 1962.

Mr. Howard J. McGrath, Washington, D. C. (appointed by this court), for appellant.

Mr. David Rubin, Atty., Dept. of Justice, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Asst. Atty. Gen.

Burke Marshall, Mr. David C. Acheson, U. S. Atty., and Mr. Harold H. Greene, Atty., Dept. of Justice, were on the brief, for appellees.

Before EDGERTON, PRETTYMAN and BAZELON, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is an appeal from a judgment of the District Court dismissing a complaint for declaratory and injunctive relief. Appellant Barnes was convicted and, on October 14, 1952, sentenced to a term of ten years in the federal penitentiary. The complaint alleges that on or about October 9, 1958, he "was released on conditional release". The record does not disclose the circumstances or reasons for this release, but apparently it was effectuated by virtue of Section 4161, Title 18, United States Code. This provision is that a prisoner whose conduct has been in accordance with the rules "shall be entitled to a deduction from the term of his sentence" of a certain number of days. Section 4164 of the same Title of the Code provides that such a prisoner shall upon release "be deemed as if released on parole".

A little more than a year later, on November 23, 1959, Barnes was arrested on a warrant issued by the United States Board of Parole, alleging that he "had violated his conditional release". On or about February 15, 1960, he was given a hearing at the penitentiary before an examiner for the Parole Board. At this hearing Barnes was not given an opportunity to obtain counsel or to present testimony or evidence. On April 7, 1960, the Board of Parole revoked Barnes's release. Since then he has been confined in the federal penitentiary at Atlanta, Georgia. On April 26, 1960, Barnes filed the complaint presently under consideration. Attached to a motion to dismiss or, in the alternative, for summary judgment, filed by the Parole Board, were affidavits of Parole Board officers in which it was stated that on May 2–4, 1960, Barnes was notified that the Board was willing to grant him another hearing and he was advised of his right to be represented by counsel at such a new hearing. One of the officers stated that Barnes refused to sign a statement indicating either that he desired or did not desire to be represented by counsel; that Barnes stated, "Let the courts decide it." Barnes says he was offered no opportunity to present testimony.

These affidavits also show that the violations with which Barnes was charged, and upon which his release was revoked, were "Failure to Demonstrate Ability to Adjust in the Community While under Supervision by Associating with Undesirables; Failing to find and Maintain Employment and Exhibited Behavior of a Suspicious Nature." The affidavit says that the Board had "reports" which detailed and substantiated the facts. In his traverse to the Board's motion, Barnes says that the conditions of his release did not require him to maintain employment and that he constantly sought employment; that the persons with whom he associated were his close relatives and immediate family "which, regardless of their many faults are much more respectable than plaintiff's present associates"; and, furthermore, he says that nothing in the conditions of his release prohibited him from having a suspicious nature (although this latter response hardly meets the charge as stated). The District Court granted the Parole Board's motion to dismiss on the ground that, since the Board had offered Barnes a rehearing with counsel present, the controversy became moot.

Reed v. Butterworth, No. 16178, decided November 9, 1961,[1] was an appeal by the United States Board of Parole from a judgment of the District Court which had ordered the Board to set aside its order of revocation in that case and to convene a hearing at which the plaintiff "shall be given an opportunity to appear, to be represented by counsel of his choice, to testify in his own behalf if he so elects, and to present the testimony of

1. 111 U.S.App.D.C. 365, 297 F.2d 776 (D.C.Cir.).

such witnesses on his behalf as are willing to appear voluntarily for this purpose". The District Court's order in that case contained other provisions implementing the foregoing. We affirmed the District Court's order. Upon the authority of that case the judgment of the District Court in the present case is reversed, and the case is remanded for the entry of an order in accordance with the opinion in Reed v. Butterworth.

Reversed and remanded.