**Edward Thomas VAN DUSEN, Appellant,**

v.

**John C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.**

**No. 6970.**

United States Court of Appeals
Tenth Circuit.

June 29, 1962.

Donald B. Clark, Wichita, Kan., for appellant.

R. Stanley Ditus, Asst. U. S. Atty. (Newell A. George, U. S. Atty., was with him on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant Van Dusen brought habeas corpus alleging that the Board of Parole unlawfully revoked his conditional release from Leavenworth penitentiary by acting arbitrarily and capriciously and by denying him the right of representation by counsel.

The 10 and ½-year term to which Van Dusen was sentenced by the United States District Court for the Western District of Michigan will not expire until November 3, 1964. The Certificate of Mandatory Release, issued on November 24, 1960, pursuant to 18 U.S.C. §§ 4163 and 4164 because of an earned good-time allowance of 1,406 days, directed him to report to the Federal Probation Office in Grand Rapids, Michigan. Upon his release he immediately was taken into state custody by Kansas officers acting under an Alabama detainer. The validity of the Alabama process was denied in a Kansas state court proceeding. Van Dusen was released pending appeal on a recognizance bond. He then reported to the Federal Probation Office at Kansas City, Kansas. The officer in charge told Van Dusen that his case was transferred to Kansas during the pendency of the state litigation and that he should not leave Kansas without permission. By his own acts Van Dusen placed himself under the supervision of the Federal Probation Office for Kansas and he may not now say that its order forbidding departure from Kansas without permission was unauthorized.

Van Dusen admittedly went from Kansas to Oklahoma without advising the Kansas City probation office but he asserts that in so doing he had no intent to violate his conditional release. The question of whether such action justified revocation of the conditional release was for determination by the Board in the exercise of the discretion granted to it.[1] We said in Freedman v. Looney, 10 Cir., 210 F.2d 56, 57, that revocation upon evidence of a violation of a conditional release is not an abuse of discretion. The same rule applies when the revocation is based on an admitted violation of an order of a probation officer to whose jurisdiction the parolee has voluntarily submitted.

The question of the right of one reimprisoned under a warrant charging violation of a conditional release to representation by counsel at a revocation hearing has produced a contrariety of judicial views.[2] We decline to make a choice between the conflicting decisions as the issue was not presented to the trial court and the record does not disclose the facts pertaining to the revocation hearing. The issue may not be raised for the first time on appeal.[3] Additionally, we are advised that the Board of Parole has adopted a new rule on representation by counsel at revocation hearings and we do not know what effect, if any, this might have on the rights of Van Dusen.[4] Our disposition of this appeal shall not be taken as any ruling on the right of Van Dusen to representation by counsel at the revocation hearing.

Affirmed.

1. See 18 U.S.C. § 4207; Zerbst v. Kidwell, 304 U.S. 359, 362, 58 S.Ct. 872, 82 L.Ed. 1399; Brown v. Taylor, 10 Cir., 287 F. 2d 334, 335, certiorari denied 366 U.S. 970, 81 S.Ct. 1933, 6 L.Ed.2d 1259.

2. Washington v. Hagan, 3 Cir., 287 F.2d 332, 333–334, certiorari denied 366 U.S. 970, 81 S.Ct. 1934, 6 L.Ed.2d 1259, denies the right and Robbins v. Reed, 106 U.S.App.D.C. 51, 269 F.2d 242, affirms the right. See also Hiatt v. Compagna, 5 Cir., 178 F.2d 42, affirmed by an equally divided court, 340 U.S. 880, 71 S.Ct. 192, 95 L.Ed. 636.

3. Craig v. Hunter, 10 Cir., 167 F.2d 721, 722; Evans v. Hunter, 10 Cir., 162 F.2d 800, 802, certiorari denied 332 U.S. 818, 68 S.Ct. 144, 92 L.Ed. 395.

4. In the article by Professor Kadish, The Advocate and the Expert—Counsel in the Peno-Correctional Process, 45 Minn.L. Rev. 803, 822, it is reported that the government in opposing certiorari in Washington v. Hagan, supra, argued that the changed rules of the Board deprived the representation issue of any substantial importance.