John C. SINGLETON, Petitioner-Appellee,

v.

Lewis B. STEVENS, Warden, Federal Correctional Institution, Milan, Michigan, United States Board of Parole et al., Respondents-Appellants.

No. 14792.

United States Court of Appeals
Sixth Circuit.

Aug. 22, 1962.

Alan G. Marer, Washington, D. C., Burke Marshall, Asst. Atty. Gen., Washington, D. C., Lawrence Gubow, U. S. Atty., Detroit, Mich., Harold H. Greene, Isabel L. Blair, Attorneys, Department of Justice, Washington, D. C., for appellants.

Vincent J. Brennan, Detroit, Mich., on brief for appellee.

Before McALLISTER and O'SULLIVAN, Circuit Judges, and BOYD, District Judge.

PER CURIAM.

Respondents, the warden of the Federal Correctional Institution at Milan, Michigan, and others, appeal from the discharge of appellee, Singleton, from his confinement in such prison as a federal parole violator. His discharge was ordered in a habeas corpus proceeding brought in the United States District Court for the Eastern District of Michigan. The District Court's order was based upon the fact that Singleton was not represented by counsel at a hearing at which his parole was revoked.

On April 24, 1951, in the U. S. District Court at Detroit, Michigan, Singleton was convicted and sentenced to an eight year term for a narcotics offense. On June 29, 1955, he was released on parole from the Federal Correctional Institution at Milan, Michigan. On June 29, 1957, he was convicted and sentenced to a prison term on a state narcotics charge at Wethersfield, Connecticut. Upon his parole from the Connecticut prison, he was taken into federal custody as a federal parole violator and returned to the federal prison at Milan, Michigan, on February 11, 1960. On April 28, 1960, a parole revocation hearing was had before a member of the United States Parole Board and his federal parole was revoked. Notice of such action was given to Singleton in June, 1960. Singleton was not represented by counsel at the revocation hearing. He was not advised that he could have such counsel, nor did he request counsel.

In July, 1960, Singleton was offered a second parole revocation hearing, with an attorney present in his behalf if he so desired.[1] He declined the offer and the

---

1. Because of various court decisions, the United States Parole Board now provides by rule that:

"All federal prisoners who have been returned to custody as parole or mandatory release violators under a Board war-

habeas corpus proceedings involved here followed. Relying principally on the decisions of the Court of Appeals for the District of Columbia in Hurley v. Reed, 110 U.S.App.D.C. 32, 288 F.2d 844 (1961); Robbins v. Reed, 106 U.S.App. D.C. 51, 269 F.2d 242 (1959); and Moore v. Reid, 100 U.S.App.D.C. 373, 246 F.2d 654 (1957) the District Judge held that an opportunity to have counsel present at his original revocation hearing should have been given to Singleton. Because such had not been done, he discharged Singleton. He was of the opinion that the offered second hearing with counsel present would not correct what he considered a procedural error in the original revocation hearing. We are of the opinion that the District Judge was in error. Singleton admits his conviction of a narcotics violation while he was on federal parole. There is no intimation that assistance of counsel at his revocation hearing would have helped him in any way.

The Courts are in disagreement as to whether the presence of counsel, or the opportunity therefor, is an essential ingredient of the "opportunity to appear" at a parole revocation hearing as provided in § 4207 of Title 18 U.S.C.A. The Court of Appeals of the District of Columbia holds that it is. Fleming v. Tate, 81 U.S.App.D.C. 205, 156 F.2d 848 (1946); Hurley v. Reed, supra; Robbins v. Reed, supra; Moore v. Reid, supra; Barnes v. Reed, 301 F.2d 516 (C.A.D.C., 1962). Under facts not in point with the case at bar, the District of Columbia Circuit has held that an offer of a second hearing will not remedy the failure to permit, or offer, counsel at the original hearing. Glenn v. Reed, 110 U.S.App. D.C. 85, 289 F.2d 462 (1961); Barnes v. Reed, supra. Other decisions hold that the presence of counsel for the prisoner at a revocation hearing is not essential to its validity. Hiatt v. Compagna, 178 F.2d 42 (C.A. 5, 1949), affirmed by equally divided court 340 U.S. 880, 71 S.Ct. 192, 95 L.Ed. 639, rehearing denied 340 U.S. 907, 71 S.Ct. 277, 95 L.Ed. 656 (1950); Washington v. Hagan, D.C., 183 F.Supp. 414, affirmed 287 F.2d 332 (C.A. 3, 1960) cert. denied 366 U.S. 970, 81 S.Ct. 1934, 6 L.Ed.2d 1259; Lopez v. Madigan, 174 F.Supp. 919 (N.D.Cal. 1959). District Court decisions have held both ways and there is a division within the Eastern District of Michigan, from which this case arises. Supporting a rule that the opportunity to have counsel at a revocation hearing is an essential are Cannon v. Stucker (E.D.Mich. No. 19,-822, June 16, 1960) and the instant case. Contra are Poole v. Stevens, 190 F.Supp. 938 (E.D.Mich.1960); Hoover v. Stevens, (E.D.Mich. No. 20,349, September 15, 1960); Clark v. Stevens (E.D.Mich., 1960), affirmed without discussion of the point here involved, 291 F.2d 388 (C.A. 6, 1961).

A large number of unreported District Court decisions (three in the Eastern District of Michigan),[2] have held that the offer of a new hearing with counsel present renders the issue moot. We are advised of, but have not seen, like holdings by the District Court for the District of Columbia. We are satisfied that the appellee here has had available to him all that the law contemplates that he should have.

Singleton's petition for writ of habeas corpus further charges that he should be released because there was an unreasonable delay between the time of his arrest and return to the Milan prison in February, 1960, and the time that he was notified of his parole revocation. His

rant shall be advised that they may be represented by counsel at the revocation hearing provided that they arrange for such counsel in accordance with Board procedure.

"All prisoners in custody as violators previously given revocation 'hearings' without being afforded the opportunity for representation by counsel shall be given an opportunity for a hearing with counsel."

2. Burdette v. Stevens, Civil No. 20,396 (E.D.Mich., November 17, 1960); Matter of Charles F. Leathead, No. 20,337 (E.D.Mich., 1960); Matter of Ollis H. Goodson, No. 20,249 (E.D.Mich., 1960).

parole hearing was held in April, 1960, which was on the occasion of the first visit of a representative of the Parole Board to Milan after Singleton's return there in February. Singleton makes no claim that he was prejudiced by the delay, and at no time sought speedier action by the parole authorities. The District Judge did not consider the point. It is without merit. Buono v. Kenton, 287 F.2d 534 (C.A. 2, 1961), cert. denied, 368 U.S. 846, 82 S.Ct. 75, 7 L.Ed.2d 44.

The judgment of the District Court is reversed, with instructions to enter judgment dismissing Singleton's petition for a writ of habeas corpus and ordering his return to federal custody.