**G. W. STUBBLEFIELD, Appellant,**

v.

**Robert F. KENNEDY, Attorney General of the United States, et al., Appellees.**

**No. 17170.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 6, 1963.

Decided Jan. 9, 1964.

Mr. Carleton A. Harkrader, Washington, D. C., with whom Mr. Phillip D. Bostwick, San Francisco, Cal. (both appointed by this court), was on the brief, for appellant.

Mr. Bernard J. Haugen, Atty., Dept. of Justice, of the bar of the Supreme

Court of North Dakota, pro hac vice, by special leave of court, with whom Asst. Atty. Gen. Burke Marshall, and Messrs. David C. Acheson, U. S. Atty. and Harold H. Greene, Atty., Dept. of Justice, were on the brief, for appellees. Mr. Paul A. Renne, Asst. U. S. Atty., also entered an appearance for appellees.

Before EDGERTON, Senior Circuit Judge, and WILBUR K. MILLER and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

Appellant asks this court to review the action of the United States Board of Parole revoking his parole, and to issue a mandatory injunction requiring the Board to forthwith release appellant from the Federal penitentiary at Leavenworth, Kansas. The essential facts are as follows:

In April 1945, appellant was convicted in the United States District Court for the District of Massachusetts and sentenced to a term of seventeen years for post office robbery and violation of the Dyer Act. After good conduct deduction from the sentence, he was eligible for mandatory release under 18 U.S.C. § 4163 on or about May 11, 1956, at which time the facts indicate that, in accordance with general release procedures, he was tendered a "Certificate of Conditional Release" to read anc sign. Upon his refusal to sign, the parole officer who presented the certificate states that he read its terms and conditions aloud to appellant and thoroughly explained them to him. Included were provisions that the parolee report to his parole officer at specified times, that he remain within the geographic limits fixed in the certificate (District. of Massachusetts), and that, if he had good cause to leave those limits, he must obtain written permission from his probation officer.

On his release from the penitentiary at Leavenworth, appellant was immediately transferred to the custody of the sheriff of Leavenworth County, who placed him in the county jail on detainers from Nebraska and Massachusetts. On or about May 17, 1956, he was transferred to the custody of Nebraska, where he was imprisoned for approximately twenty months on a state charge. In January 1958, he was transferred from the custody of Nebraska to the custody of Massachusetts for a state offense. He was imprisoned in Massachusetts for twenty months and then released from confinement.

He left Massachusetts in November 1959, without notice to the Parole Board, and established residence in Columbus, Nebraska. A warrant was issued on September 26, 1960, charging appellant as a conditional release violator in that he had failed to report for supervision as provided by the order of mandatory release from Leavenworth in 1956. He was arrested by agents of the Federal Bureau of Investigation on or about October 11, 1960, under authority of a federal fugitive from justice warrant based on a Massachusetts indictment charging murder.[1] The warrant issued on September 26, 1960, was executed October 19, 1960, and he was transferred from his confinement in Omaha, Nebraska, to the Federal penitentiary at Leavenworth, Kansas. There he was interviewed by a parole officer on October 24, and subsequently appeared before a member of the United States Board of Parole in January 1961. After a hearing, he was held to be a mandatory release violator and remanded to serve his full sentence.

Appellant was not furnished counsel at the hearing, nor was he given an opportunity to obtain counsel to represent him. He claims he was not given adequate notice of the time and place of his hearing, and that he was neither afforded compulsory process for summoning witnesses in his behalf, nor given adequate opportunity to obtain voluntary witnesses or to present testimony.

█ It is admitted by appellees that appellant was entitled to a new revocation hearing, with counsel and witnesses present if he so desired, in accordance with

1. This charge was subsequently dismissed.

Reed v. Butterworth, 111 U.S.App.D.C. 365, 297 F.2d 776 (1961). But, appellees say, this was offered to him and he refused to avail himself of the offer. At the time a new hearing was offered, appellant contended, as he always has, that when he was transferred from the control of the Federal authorities to the state authorities, the Federal authorities lost all control over him and that he was no longer compelled to make the reports provided in the certificate of conditional release.

We cannot agree with appellant's contention. It may well be that while he was in the state penitentiaries he was not required to make reports, and he may not have had the opportunity to do so, but upon his release his obligation to comply with the terms of the conditional release was revived since he was still under Federal parole supervision. We note that appellant has never denied his failure to report and that, after the execution of the mandatory release violator warrant, he stated to the parole officer that he did not do any reporting as he felt that he "definitely did not have any Federal supervision, since the state took me into custody." In short, he took it upon himself to decide the legal questions.

■■■ We also note from the summary of the January 1961 parole hearing that the charges on which the parole was revoked were apparently three in number: "Failure to Report for Supervision —Alleged Murder—Associating with Undesirable." The record indicates, however, that while there was a charge of murder against appellant, it was one which could not be proved and was subsequently withdrawn; and there was no proof of association with undesirables after his release.

Under the circumstances of this case, it is conceivable that the Board might not have required appellant to serve his full time [2] had it taken into consideration the fact that the only charge against him was failure to report, and the possibility that in good faith he believed he had no obligation to report to the Federal authorities.

Accordingly, we remand the case to the District Court with directions to remand it to the Parole Board to afford appellant an opportunity for another hearing before the Board, at which he may have counsel at his own expense, at such place as is necessary to provide a fair hearing on the alleged parole violation under the circumstances of this particular case. Hyser v. Reed, 115 U.S.App. D.C. 254, 318 F.2d 225 (1963). At such a hearing the Board should take into consideration the fact, if it be a fact, that the only valid charge on which parole could have been revoked was the matter of his failure to report. If the Board is satisfied that appellant acted in good faith in failing to make reports, in the belief that he was not obligated so to do, the Board would be justified in regarding that as a mitigating circumstance. All these matters should be surveyed by the Parole Board at the new hearing, which should be held promptly.

It is to be noted that the judgment of the District Court, as well as the action of the Parole Board, was rendered prior to the decision of this court in Hyser, supra.

Remanded for further proceedings consistent with this opinion.

EDGERTON, Senior Circuit Judge (dissenting).

The court recognizes not only the fact that "the only valid charge on which parole could have been revoked was the matter of [appellant's] failure to report", but also "the possibility that in good faith he believed he had no obligation to report to the Federal authorities." That he believed this seems to me not only possible but almost certain. As the court says, he "stated to the parole officer that

---

**2.** The Parole Board, in revoking parole, may require the parolee "to serve all or any part of the remainder of the term for which he was sentenced." 18 U.S.C. § 4207.

he did not do any reporting as he felt that he 'definitely did not have any Federal supervision, since the state took me into custody.' " There was no evidence that he "felt" differently or that he had any other reason for failing to report. The court says "he took it upon himself to decide the legal questions", but I see no evidence that he had any idea there were legal questions. For several years he had been under no obligation to report to the federal authorities because he was in state custody. It was entirely natural and even reasonable for him to think of himself as having altogether ceased to be a federal prisoner on parole. It seems to me unjust to punish him for his innocent error. I think the Board abused its discretion and should be directed to release him. I do not reach other questions.