**UNITED STATES ex rel. William M. VANCE**

v.

**Frank KENTON, Warden, Federal Correctional Institution.**

Civ. No. 11284.

United States District Court
D. Connecticut.

March 15, 1966.

William M. Vance, pro se.

Jon Newman, U. S. Atty., by Thomas O'Leary, Sp. Asst. U. S. Atty., New Haven, Conn., for respondent.

ZAMPANO, District Judge.

The petitioner, William M. Vance, is presently incarcerated at the Federal Correctional Institution in Danbury, Connecticut. On December 6, 1960, he was sentenced in the District of Montana to two years' imprisonment following a conviction on a charge of Interstate Transportation of Forged Checks. Conditional parole commenced on February 1, 1962, with supervision scheduled to terminate on December 5, 1962. On July 5, 1962, however, a violator's arrest warrant was issued based upon his failure to report to his parole officer and his suspected bad check passing.

More than three years later the arrest warrant was served on petitioner after he pleaded guilty to local charges in Boston, Massachusetts. Within a few days, on November 26, 1965, Vance executed a form requesting a revocation hearing by the Board of Parole. In the printed form provided he further acknowledged he had violated one or more conditions of his release and he had "been convicted of a crime committed while under supervision." There is little doubt the first acknowledgment is so. Other than the Boston conviction, however, the record before the Court indicates Vance was not convicted of any crime during the period of his parole supervision. Indeed, were it otherwise, it would be difficult to understand the time delay in serving the warrant. See United States v. Gernie, 228 F.Supp. 329, 338–339 (S.D.N.Y.1964).

In his application for a writ of habeas corpus, petitioner challenges the power of the Parole Board to execute the violator's warrant after the maximum term of his original sentence has expired. No mechanical rule, however, is dispositive. Taylor v. Simpson, 292 F.2d 698 (10 Cir. 1961); cf. Avellino v. United States, 330 F.2d 490, 491 (2 Cir. 1963), cert. denied, 379 U.S. 922, 85 S.Ct. 280, 13 L.Ed.2d 336, reh. denied, 379 U.S. 985, 85 S.Ct. 671, 13 L.Ed.2d 578 (1964). Just as fairness limits the power of the Board arbitrarily to withhold service of a warrant on a parolee who is under supervision, reason requires leeway be given in serving a parolee who has evaded supervision. The test to be applied in determining the life span of a violator's warrant must be a practical one.

Each case must be decided on its own merits. Relevant considerations necessarily include the time lapse between issuance and execution of the warrant, the efforts of the Board to serve it, and the conduct of the parolee in frustrating service. United States v. Gernie, supra, 228 F.Supp. at 338. Here the record discloses the warrant was served at the first opportune moment. Agents of the Board and the F.B.I. used reasonable diligence to locate the petitioner. The delay of which the petitioner complains was due to his own conduct. The warrant, therefore, was validly and seasonably executed.

The petitioner next contends the delay in affording him a revocation hearing is unreasonable. It is almost

four months since his incarceration and the petitioner has yet to be heard.[1]

Title 18, U.S.C. § 4207 provides:

"A prisoner retaken upon a warrant issued by the Board of Parole, shall be given an opportunity to appear before the Board, a member thereof, or an examiner designated by the Board. The Board may then, or at any time in its discretion, revoke the order of parole and terminate such parole or modify the terms and conditions thereof."

A revocation hearing must be held within a reasonable time after the parolee's rearrest. United States ex rel. Buono v. Kenton, 287 F.2d 534 (2 Cir.) cert. denied, 368 U.S. 846, 82 S.Ct. 75, 7 L.Ed. 2d 44 (1961). If detention extends beyond a reasonable time, habeas corpus will lie during that period. United States ex rel. Buono v. Kenton, supra, 287 F.2d at 536; cf. Escoe v. Zerbst, 295 U.S. 490, 494, 55 S.Ct. 818, 79 L.Ed. 1566 (1939).

 This Court finds the lapse of 123 days between the request and the hearing is unreasonable. More than three years have elapsed since the alleged violations. The opportunity to obtain and present contravening evidence appears difficult enough without the added delay here. In the analogous situation of the probation violator, a four month hiatus in presenting an incarcerated probationer to the sentencing judge would not be tolerated. While there are distinguishing factors between parole and probation, their similarity of purpose warrants equivalent procedural safeguards. Hyser v. Reed, 115 U.S.App. D.C. 254, 318 F.2d 225, 236, cert. denied, Thompson v. United States Board of Parole and Jamison v. Chappell, 375 U.S. 957, 84 S.Ct. 446, 447, 11 L.Ed.2d 315, 316 (1963).

 Administrative convenience alone cannot justify a parolee's incarceration in suspense for an unreasonable length of time. As Judge Clark forewarned five years ago, to the extent the Board's administrative procedure results in such tardy hearings it is inconsistent with the statutory purpose and mandate. United States ex rel. Buono v. Kenton, supra, 287 F.2d at 536.

 Nor is the petitioner's admission of violation an extenuating circumstance which, as the respondent argues, excuses the delay. Whether or not there has been a transgression is only the first of two decisions which must be reached following a Section 4207 hearing. Loss of parole status and reincarceration are not automatic consequences of parole infraction. The statute also requires the Board to determine whether the violator is still a good parole risk. A breach of the release conditions is but one element, albeit often a forceful one, to be considered. The parolee may bring other factors to the attention of the Board which may induce it to give him another chance. 18 U.S.C. § 4207; Stubblefield v. Kennedy, 117 U.S.App.D.C. 225, 328 F.2d 526 (1964); Hyser v. Reed, supra, 318 F.2d at 238. Note, Rights of a Federal Parolee Threatened with Parole Revocation, Washington University Law Quarterly 337, 351 (1964).

 An accused violator, therefore, should be presented within a reasonable time not only to respond to the charges against him, United States ex rel. McCreary v. Kenton, 190 F.Supp. 689, 691 (D.Conn.1960), but also to attempt to convince the Board that, notwithstanding the violation, his parole should be continued under the same or some other terms and conditions. Months of incarceration prior to hearing, in addition to being fundamentally unfair, effectively nullify this opportunity.

Since there has been timely objection to the unreasonable delay, it is

Ordered, that petitioner, William M. Vance, be discharged from the custody of the Attorney General or his authorized representative at 12:00 o'clock Noon on March 23, 1966, unless before that

---

1. Respondent informs the Court he is scheduled to receive a hearing on or about March 28, 1966.

time said Attorney General or his authorized representative has restored the petitioner to the same circumstances and conditions of release on parole as existed on November 26, 1965, as if the cause of his return and reincarceration had not occurred, and provided, however, he be credited upon his record with time in confinement from November 26, 1965 to the date of his release, together with statutory and industrial good time to his credit.