John H. Galloway, Jr., J.
The petitioner [relator] in this habeas corpus proceeding absconded three days after his parole and was declared delinquent on June 16, 1964 as of June 4, 1964. He was arrested on or about October 7, 1966 in the State of Mississippi, arraigned before a United States Commissioner, according to his claim on this application, and subsequently returned to this State where he appeared before the Parole Board and was ordered held until January 19, 1968.
Petitioner challenges the validity of every step in the procedure and proceedings under which he is presently held. This court must reject all of his challenges.
*262 Petitioner’s counsel, furnished to him through Legal Aid facilities, lays strong emphasis on the claim that petitioner was denied constitutional due process on his arrest in Mississippi. Other than the statement that he was arrested in Mississippi this court cannot ascertain for certain under what type process he was arrested. Assuming it to be an arrest under a parole violation warrant pursuant to section 216 of the Correction Law the Attorney-General urges that the proceedings were statutorily correct and proper in all respects.
To buttress the claim of a denial of due process in Mississippi the petitioner cites a number of Federal cases (Robbins v. Reed, 269 F. 2d 242; Reed v. Butterworth, 297 F. 2d 776; Hurley v. Reed, 288 F. 2d 844; Glenn v. Reed, 289 F. 2d 462; cf. Hyser v. Reed, 318 F. 2d 225) having to do with the Federal parole violation procedure. We note that some of these cases and others led to an extended examination of Federal parole violation procedure in Hyser v. Reed (supra). We have considered this case for whatever assistance it might be in the case at bar in view of the now strongly enunciated doctrine that an accused is entitled to counsel at every stage of a proceeding.
While concerning itself with Federal parole we believe Hyser v. Reed enunciated principles applicable to the entire subject of parole, both State and Federal (318 F. 2d 225; 235): “ From our review of the nature and purposes of parole it can be seen that appellants are neither totally free men who are being proceeded against by the government for commission of crime, nor are they prisoners being disciplined within the walls of a federal penitentiary. They stand somewhere between these two. A paroled prisoner can hardly be regarded as a ‘ free ’ man; he has already lost his freedom by due process of law and, while paroled, he is still a convicted prisoner whose tentatively assumed progress towards rehabilitation is in a sense being ‘ field tested. ’ Thus it is hardly helpful to compare his rights in that posture with his rights before he was duly convicted.”
With this consideration as basic, we would be inclined to find in this case, as we believe the Circuit Court of Appeals did in Hyser, that a parole violation is not a “ criminal prosecution ” to which the Sixth Amendment applies.
In the case at bar the Attorney-General concedes arguendo the fact that this petitioner was returned from Mississippi without extradition or without any waiver thereof, and yet he maintains that his present confinement is lawful as long as there was compliance with the statutory provisions of the Correction Law relating to parole violations (cf. Correction *263 Law, §§ 216-218). With this position we agree. There is no proof before us that there was noncompliance with the pertinent provisions of those statutes. To do otherwise would require our finding- that the afore-mentioned provisions of the Correction Law were unconstitutional. On the reasoning in Hyser v. Reed, there is in our opinion no basis for such a finding.
The writ is dismissed and the relator is remanded.