Herbert GLENN, Appellant,

v.

George J. REED, Chairman, United States Board of Parole, et al., Appellees.

No. 16075.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 23, 1961.

Decided April 7, 1961.

Petition for Rehearing En Banc Denied May 10, 1961.

Chief Judge Miller and Circuit Judges Bastian and Burger would grant the petition.

Petition for Rehearing Before the Division Denied May 12, 1961.

Mr. Howard P. Willens, Washington, D. C. (appointed by this court), for appellant.

Mr. Howard A. Glickstein, Atty., Dept. of Justice, of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Messrs. Oliver Gasch, U. S. Atty., and Harold H. Greene, Atty., Dept. of Justice, were on the brief, for appellees. Mr. Carl W. Belcher, Asst. U. S. Atty., also entered an appearance for appellees.

Before EDGERTON, PRETTYMAN, and BAZELON, Circuit Judges.

EDGERTON, Circuit Judge.

In 1952 appellant was sentenced to prison by a United States court in Ohio. In 1955 he was released on parole. He was arrested October 30, 1958 as a parole violator and has since been imprisoned in Atlanta. The Board of Parole held a "hearing" on December 10, 1958 and revoked parole on March 13, 1959.

The government rightly concedes the hearing and revocation were invalid because appellant neither had nor was offered counsel. His subsequent imprisonment is therefore illegal. On May 12, 1960 he filed a complaint in the United States District Court for the District of Columbia asking for a declaration that the hearing was invalid and for a mandatory injunction ordering release. Thereupon an agent of the Parole Board offered him a new revocation hearing with counsel present. He declined this offer. On August 17, 1960 the District Court dismissed his complaint as moot. We allowed this appeal in forma pauperis.

We think the District Court erred. Lack of counsel at a revocation hearing is not made good by an offer of counsel 17 months later. The error of 1958 cannot be corrected, because the illegal imprisonment that resulted from it cannot be undone. If counsel had been present at the 1958 hearing as the law requires, there might have been no revocation of parole and no subsequent imprisonment.

Though it cannot undo the wrong, we think we should order appellant released. Cf. Moore v. Reid, 100 U.S.App.D.C. 373, 379, 246 F.2d 654, 660; Fleming v. Tate, 81 U.S.App.D.C. 205, 206, 156 F.2d 848, 849. The Board may afterwards issue a new warrant for his arrest, but not without considering whether grounds for arrest now exist. Any further proceedings, from arrest to revocation, must be entirely de novo. It would be arbitrary to arrest appellant and revoke his parole merely because there might have been reason to do so some years ago.

Our decision to order release is based on the facts in this record. Appellant's complaint alleged in substance that the Board issued its parole violator's warrant on the basis of a fabricated charge made by a "jealous woman", and that after appellant was arrested the woman withdrew her charge. On these facts, together with the admittedly invalid hearing, we think we should exercise our

discretion to order appellant's release. The Board will thus be required to make a new decision whether to issue a warrant of arrest, taking into account the original charge, the alleged recantation, and any other information, whenever acquired, which the Board has before it. It is to insure this new decision as to an arrest that we order appellant's release.

Reversed.