Julius BAYKEN, Appellant,

v.

UNITED STATES BOARD OF PAROLE, Appellee.

No. 16969.

United States Court of Appeals
District of Columbia Circuit.

Argued June 28, 1963.

Decided July 25, 1963.

Mr. Justin R. Wolf, Washington, D. C., (appointed by this court) for appellant.

Mr. Howard A. Glickstein, Atty., Dept. of Justice, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, for appellee. Asst. Atty. Gen., Burke Marshall, Messrs. David C. Acheson, U. S. Atty., and Harold H. Greene, Atty., Dept. of Justice, were on the brief, for appellee. Messrs. Barry I. Fredericks and Gerald A. Messerman, Asst. U. S. Attys., also entered appearances for appellee

Before BAZELON, Chief Judge, and BASTIAN and McGOWAN, Circuit Judges.

BASTIAN, Circuit Judge.

Appellant was convicted in the Northern District of Ohio of the offense of armed robbery, and sentenced to twenty-five years in prison. He was released on parole on September 4, 1947. Thereafter he was convicted in a state court of Michigan of a criminal offense, and in April 1955, upon completion of the sentence there imposed, he was arrested as a parole violator and returned to the penitentiary to complete his original sentence. A hearing was held July 18, 1955, at which the conviction in Michigan was admitted by appellant, as well as other items of violation of parole. He was not advised of his right to have assistance of counsel at this proceeding, nor was he advised of his right to present voluntary witnesses; and he did not have counsel or witnesses present. On August 23, 1955, his parole was revoked. On May 9, 1961, he was offered a new hearing with the right to retain counsel. This he refused.

On May 22, 1961, the present action was filed for mandatory injunction for his release, in which proceeding appellant alleged invalidity of the parole revocation proceedings. In January 1962, he was again offered a hearing with counsel and the right to present witnesses. This, too, he refused. The District Court granted the Government's motion for summary judgment and this appeal followed.

We think this case is governed by Hyser v. Reed, No. 16716,[1] 115 U.S.App. D.C. 254, 318 F.2d 225, decided April 11, 1963, wherein, in cases similar to the present one, we affirmed the judgments appealed from

"without prejudice to the right of each such appellant to have upon request, the 'opportunity to appear' before the Board pursuant to 18 U.S.C. § 4207. We note that the Board has already tendered such opportunity to each of these appellants. This opportunity to appear shall be for the limited purpose of presenting to the Board reasons why the parole violation charged should not operate as a basis for revoking parole."

Appellant's reliance on Glenn v. Reed, 110 U.S.App.D.C. 85, 289 F.2d 462 (1961), is misplaced. In that case the parolee denied the violation, claiming that "the Board issued its parole violator's warrant on the basis of a fabricated charge made by a 'jealous woman' [who subsequently] withdrew her charge." We ordered appellant's release because of "these facts, together with the admittedly invalid hearing." Id. No such facts are alleged here.

The judgment appealed from is affirmed, without prejudice to the right of appellant to have, upon request, the opportunity to appear before the Parole Board pursuant to 18 U.S.C. § 4207. This opportunity to appear shall, as in Hyser v. Reed, be for the limited purpose of presenting to the Board reasons why the parole violation charged should not operate as a basis for revoking parole.

So ordered.

1. Combined with Hyser were the following cases: Jatoft v. Chappell, No. 16806; Whitling v. Reed, No. 16811; Thompson v. United States Board of Parole, No. 16873; Neiswenter v. Chappell, No. 17041; Fitzpatrick v. Chappell, No. 17042; Williamson v. Chappell, No. 17043; and Jamison v. Chappell, No. 17059.