Charles Herbert **WHITE**, Petitioner,

v.

**F. M. WILSON,** United States Marshal, and United States Board of Parole, Respondents.

Charles Herbert **WHITE**, Petitioner,

v.

Harold R. **SWENSON,** Warden, Respondent.

Nos. 17241–1, 1347.

United States District Court
W. D. Missouri,
Western and Central Divisions.

Feb. 6, 1969.

## MEMORANDUM AND ORDER

Case No. 1347 is a pending habeas corpus proceeding in which petitioner attacks the validity of a State court sentence imposed by the Circuit Court of Jackson County, Missouri on June 10, 1965. Petitioner is here a second time in regard to that sentence, his first petition having been dismissed without prejudice because of petitioner's failure to have exhausted his available state postconviction remedies. See White v. Swenson, (W.D.Mo.1966 en banc) 261 F.Supp. 42.

On December 27, 1968 the Missouri Board of Probation and Parole granted petitioner a parole effective December 30, 1968. That parole, however, carried a special condition that:

It is further ordered that you be released on parole to the U.S. Marshal, Kansas City, Missouri; said parole to be served concurrently with the Federal sentence. It is further ordered that in the event you are released prior to June 9, 1971, the expiration date of your sentence from Missouri, you will continue under the supervision of Missouri and will notify this Board, Box 267, Jefferson City, Missouri, prior to your release.

In Case No. 17241–1, filed January 20, 1969, petitioner attacks the validity of federal custody recently obtained by the execution of a federal mandatory release violator's warrant issued by the United States Board of Parole on January 30, 1961. The mandatory release which petitioner allegedly violated involved a five year sentence imposed by the late Judge R. Jasper Smith of this Court on December 21, 1956. The 1961 federal warrant was served December 30, 1968 and petitioner was thus transferred from state to federal custody.

We are now advised that Joseph N. Shore, Parole Executive of the United States Board of Parole, today telegraphed the United States Marshal in Kansas City (with information copy to the Chief Probation Officer of this District) that:

The Board has decided that Charles H. White, 74258–2, Mandatory release, should not be revoked, and his case closed. You authorized release immediately from further custody. Return warrant with copy this office.

We are also today advised that the Missouri Board of Probation and Parole has been advised of the most recent action of the United States Board of Parole and that it will this day assume supervision of petitioner in accordance with its Order of Parole dated December 13, 1968.

Section 2243, Title 28, United States Code, requires this Court to dispose of both petitions for habeas corpus "as law and justice require." Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968) and Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), teach that the recent releases from actual custody by both the State of Missouri and by the United States do not moot either case and that both cases must be processed furher in accordance with the command of Section 2243.

The shift from state to federal custody in January, 1969 occasioned by the action of the Missouri Board of Probation and Parole granting petitioner a parole in regard to his 1965 state sentence and the execution by the United States Marshal

of this District of an eight year old federal mandatory release violator's warrant issued January 30, 1961 require a full statement of the apparent factual circumstances which this Court must consider.

In his petition for habeas corpus against the United States Marshal in Kansas City and the United States Board of Parole it is alleged that on December 20, 1956 the petitioner received a five year sentence in this Court, that the time within which such sentence could be served has fully expired, and that he could not lawfully be taken into federal custody by service of a mandatory release violator's warrant which had been issued on January 30, 1961 but which had not been executed until January 6, 1969.

The papers filed by the respondents in Case No. 17241–1 establish, consistent with the allegations of petitioner's habeas corpus petition, that on January 30, 1961 William K. McDermott, United States Parole Executive, filed a Referral for Consideration of Alleged Violation with the United States Board of Parole on Parole Form 33 (Revised May 1959). That Referral alleged that the petitioner was then on mandatory release from the five year sentence imposed by this Court on December 30, 1956 and that he was then presently confined in the Randolph County jail, Huntsville, Missouri, on a state warrant issued December 17, 1960 charging him with violating a Missouri law which prohibited the defacing or removing of a label from a container containing a narcotic drug.

That Referral also mentioned the possibility of the filing of additional state charges by the Prosecuting Attorney of Randolph County, Missouri, on three insufficient fund checks. It likewise mentioned the possibility of filing still another state charge which related to petitioner's alleged unlawful removal of some telephone equipment from a filling station which he was then renting.

The Referral showed on its face that petitioner denied any violation of parole. Mr. McDermott recommended that a violator's warrant be issued. That recommendation was approved and a Warrant for Retaking Prisoners Mandatorily Released Under Authority, Section 4163, Title 18, U.S.C. (Parole Form 20a, Revised May 1959) was issued January 20, 1961. All federal officers authorized to serve criminal process in the United States were commanded "to execute this warrant by taking the said Charles H. White, wherever found in the United States, and him safely return to the institution designated, according to provisions of law." The United States Penitentiary, Leavenworth, Kansas, was the institution designated in the Warrant which also recited that petitioner then had "579 days remaining to be served" on the 1956 federal sentence imposed by this Court. The terms and language of the Warrant did not purport to authorize any delay in its execution.

The standard form letter of transmittal of the Referral and the Warrant (Parole Form 37, Revised May 1959), however, directed the United States Marshal at St. Louis, Missouri, as follows:

If the prisoner is facing a local charge, or is in jail or on bond, withhold execution of the Warrant until disposition is made or until you receive further instructions from this office.

A stamp on the letter of transmittal shows that such letter was received by the "U. S. Marshal, St. Louis, Mo." on February 1, 1961.

The files and records of this Court show that on May 9, 1961, over three months after the Warrant was issued, Joseph N. Shore, United States Parole Executive, wired the United States Marshal in St. Louis, Missouri (with information copies to the Chief Probation Officer of this District and of the District of Kansas) that the state charges against the petitioner in Randolph County, Missouri, which were the subject of the Referral upon which the Warrant was based, had been dismissed.

As noted above, the directions initially given the United States Marshal in St.

Louis on Parole Form 37 directed that he "withhold execution of the Warrant until disposition is made [of the local charge specified in the Referral] or until you receive further instructions from this office." The telegraphic instructions sent the United States Marshal in St. Louis, Missouri by the Parole Executive on May 9, 1961, stated:

If you have not already taken custody and executed the Board's M R Warrant, and charge is still pending permit local authorities of Lawrence, Kansas to take custody White first and adjudicate this pending charge. Forward warrant to U.S. Marshal, Topeka, Kansas, so he can place detainer.

A stamp showing a date of receipt on May 11, 1961 by the "U.S. Marshal, Topeka, Kansas," makes it apparent that the Warrant issued on January 30, 1961 on the basis of the then dismissed Missouri state charges, as stated in the Referral dated January 30, 1961, was used as a detainer in connection with new state charges which were then pending in Lawrence, Kansas.

The files and records of this Court do not show what happened to the charges filed against the petitioner by the State of Kansas in 1961. They do show, however, that on September 30, 1965 Joseph N. Shore, Parole Executive, gave telegraphic instructions to the U.S. Marshal, Topeka, Kansas (with information copies to Chief Probation Officers of this District and the District of Kansas and to the U.S. Marshal, Kansas City, Missouri), which stated:

Forward violator warrant Charles Herbert White Number 74258–L to U.S. Marshal, Kansas City, Missouri. * * * If in custody as violator, preliminary hearing should be conducted. Otherwise details of disposition new pending charges are requested.

The stamp showing a date of receipt on October 1, 1965 by the "U.S. Marshal, Kansas City, Missouri" makes it apparent that the warrant issued on January 30, 1961 based on the dismissed 1961 Missouri state charges was still being forwarded around the United States for use as a detainer. It would also seem apparent that if the preliminary hearing directed in Mr. Shore's telegram of September 30, 1965 had been held in accordance with the command of Hyser v. Reed, (en banc 1963), 115 U.S.App.D.C. 254, 318 F.2d 225, cert. denied 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed.2d 315, such hearing would have immediately revealed that the 1961 charges specified in the January 30, 1960 Referral had long since been dismissed and that no new warrant based upon any new referral in which any new charges of violation were made had ever been issued "within the maximum term or terms for which the prisoner was sentenced" by this Court on December 20, 1956, within the meaning of 28 CFR § 2.37(a). The maximum term of this Court's sentence would have expired by the passage of time on December 21, 1961 unless such term was somehow tolled as a matter of law.

The files and records of this Court further show that the Warrant dated January 30, 1961 was finally executed by the United States Marshal, Kansas City, Missouri on December 30, 1968 and that on January 9, 1969 the Referral dated January 30, 1961, based on the Randolph County, Missouri charges which were known by the Board of Parole to have been dismissed well over seven years ago, was read to him by a Probation Officer of this Court.

The defendant at that time requested a local revocation hearing and denied that he had violated any of the conditions of his release or that he had been convicted of a law violation while under supervision. Petitioner filed for habeas corpus on January 20, 1969.

From the Parole Executive's telegram of today we know that the local revocation hearing apparently will never be held. We recognize that the telegram stated that petitioner's mandatory release should not be revoked and that his case

be closed. But we must also recognize that the Board of Parole on at least two occasions forwarded a 1961 warrant to particular United States Marshals for execution long after the 1956 sentence imposed by this Court had apparently expired.

We do not know how the United States Board of Parole finally closes a case or what view the United States Board of Parole takes of its power to reopen a case which has in fact been closed. Its assertion of continuing power to treat an unexecuted Warrant as one having continuing validity and one which might be used in connection with new charges which allegedly occur after the maximum term of the sentence has expired without further compliance with 28 CFR § 2.35 suggests that this Court make appropriate inquiry in regard to the questions presented.

We have stated the apparent factual situation as reflected by the files and records of this Court in considerable detail because of implications inherent in the recent cases of Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed. 2d 1 (1967) and Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607, decided January 20, 1969, and because of consistent authority in the analogous field of law relating to the lack of power of a United States court to revoke probation after the expiration of the maximum term of the probation granted. See, for example, Sanford v. King, (5th Cir. 1943) 136 F.2d 106, 108, and Fox v. United States (10th Cir. 1965) 354 F.2d 752, 754.

We are also concerned with the specific treatment given appellant Jamison by Chief Judge Bazelon and Judges Edgerton, Fahy, and Wright in their concurring opinions in Hyser v. Reed, supra, 318 F.2d at 257, and 260, and by Judge Edgerton's opinion in Glenn v. Reed, (1961) 110 U.S.App.D.C. 85, 289 F.2d 462, 463, in which it was stated that "it would be arbitrary to arrest appellant and revoke his parole merely because there might have been reason to do so some years ago."

In Smith v. Hooey, *supra*, the Supreme Court of the United States quoted with approval the following statement of the Honorable James V. Bennett, former Director of the Federal Bureau of Prisons:

It is in their effect upon the prisoner and our attempts to rehabilitate him that detainers are most corrosive. The strain of having to serve a sentence with the uncertain prospect of being taken into the custody of another state at the conclusion interferes with the prisoner's ability to take maximum advantage of his institutional opportunities. His anxiety and depression may leave him with little inclination towards self-improvement.

The Honorable Fred T. Wilkinson, presently the Director of the Missouri Department of Corrections, stated when he was serving as Warden of the United States Penitentiary at Atlanta that:

One of the most vexing and vicious problems in prison administration is the matter of detainers placed against prisoners serving sentences. Such detainers are placed on prisoners serving state or federal sentences and generally fall into two categories. The first is the "nuisance" type detainer generally intended to handicap the prisoner while he is serving his sentence, to prevent his parole, to make him unavailable for trusty assignments, and to interfere with any logical release planning program. The other type of detainer is one placed with the actual intention of prosecuting the prisoner when he is released from current confinement. The filing of such detainers in either category becomes a major problem to prison administrators in attempting to develop any type of training, treatment, and release program for inmates. While the records show that approximately eighty-five percent of detainers are lifted and never carried through to prosecution, the effect on the rehabilitative program is almost as vicious as though the prosecution were consummated.

\* \* \* \* \* \*

The system of filing detainers has too long prevailed, has thwarted the most vigorous efforts of progressive institution programs, and has all too often been the means of applying vindictiveness and vengeance.

It is obvious that the United States Board of Parole followed a practice in this particular case in which its 1961 unexecuted Warrant was used as a detainer in a manner inconsistent with the statements just quoted. Perhaps the present statutes of the United States require that the Board act in all cases as it acted in this case. Certainly it is appropriate that judicial inquiry be made in regard to the source of the power asserted and exercised by the Board of Parole under the apparent circumstances presently befor this Court.

For the reasons stated, it is therefore

Ordered that in Case No. 1347 within twenty (20) days of this order petitioner file an appropriate pleading in which this Court is advised whether petitioner wishes to proceed further in regard to his attack upon his state court sentence. It is further

Ordered that in Case No. 17241–1 within twenty (20) days respondents show cause why an appropriate order declaring invalid the custody obtained by the execution of the 1961 Warrant should not be entered. It is further

Ordered that respondent in Case No. 17241–1 set forth specifically and with particularity the express statutory authorization in support of the contention, if such be the contention, that petitioner could validly be arrested under the 1961 Warrant under the circumstances presented in this case. This Court would welcome an appropriate brief in which the statutes and cases, including but not limited to those cited in this memorandum, are discussed. If such brief cannot be filed with the response, the Court will grant an appropriate extension of time within which such brief may be filed. It is further

Ordered that in Case No. 17241–1 copies of all documents, correspondence, memoranda, and communications of any sort, including but not limited to Referrals and Warrants, written in connection with any and all efforts to revoke petitioner's mandatory release be appropriately marked as exhibits and attached to the respondent's response.

JOHN W. OLIVER, District Judge.

Kansas City, Missouri

February 5, 1969

II.

The response of the respondents established that on February 5, 1969, the day *after* Joseph N. Shore, Parole Executive, sent his telegram directing the United States Marshal to immediately release petitioner from further federal custody, the Board entered an order on Parole Form H–6 (Ed. Nov. 1965), which stated:

*Respondents' Exhibit No. 27.1*

Parole Form H-6
(Ed. Nov. 1965)
(Formerly Parole Form 45)
Washington D C  20537

# UNITED STATES DEPARTMENT OF JUSTICE
## United States Board of Parole
### Washington

# Order

**Name** .. CHARLES H. WHITE ............ ........ ..................

**Register Number**  74258-L ......... ... .   . ............. ....

The case of the above-named has come to the attention of the United States Board of Parole (or its Youth Correction Division) on the basis of:

☐ an application (or eligibility) for parole    ☐ a revocation hearing
☐ a review hearing    ☒ additional facts relative to
☐ a progress report dated..........................      an issued warrant
☐ other:.................................................................................
*(specify)*

The Board (or its Youth Correction Division) in its offices in Washington, D.C. has carefully examined all the information and evidence at its disposal in relation to the above-named, and the following action with regard to parole, parole status, or mandatory release status is hereby ordered:

...... Warrant issued January 30, 1961..................

*Condition or remarks:* .It is hereby ordered that subject's ........

.......... mandatory release should not be revoked and he be immediately

........ released from further custody and case closed. ....................

**United States Board of Parole:**

**Date** . FEB 5  1969

**Remarks:**........... ......\ ......................................................................... ...

.... .. ... ...:................... .. .. ........... ..... ............................

**Special Progress Report re-
quested as of:**      **United States Board of Parole:**

............................................ ........      ... .. .. ... .......................................... .... ..

**Date** ..... ...   . ....... .......

Although specifically requested to discuss the impact of the constitutional implications inherent in Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967); Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607, decided January 20, 1969, but not yet reported; Hyser v. Reed, (en banc 1963) 115 U.S.App.D.C. 254, 318 F.2d 225, cert. denied 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed.2d 315 and Glenn v. Reed, (1961) 110 U.S.App.D.C. 85, 289 F.2d 462, the respondents' response does not cite or mention any of those cases in their discussion of the law applicable to this case.

Instead, respondents rely upon the thirty-year old case of Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938), and that case's progeny, to sustain its effort to claim federal custody of petitioner for the service of the unexpired portion of a five year sentence imposed on December 21, 1956.

It is apparent from the telegram of February 4, 1969 and the Board of Parole's order of February 5, 1969 that respondents decided that they did not wish to test the legal strength or weakness of the Board of Parole's consistent practice of issuing instructions that the execution of a violator's warrant be delayed, sometimes for years after issuance, and, so far as the circumstances of this case are concerned, long after the alleged ground for violation had been totally abandoned by the Board of Parole.

The only issue presented by petitioner's pending habeas corpus petition was the legality of the federal custody assumed when the Board of Parole, for reasons yet undisclosed by the record in this case, was moved to accept custody from the State of Missouri during the pendency of another habeas corpus proceeding in which petitioner was attacking the validity of his state conviction. Our memorandum opinion in the associated case of White v. Swenson, *supra*, shows that, so far as this Court is concerned, petitioner's attack on his state conviction was successful. Whether petitioner was transferred from state to federal custody in anticipation of that determination is not made apparent by the record.

When the Board of Parole was required, however, to show cause whether its newly assumed federal custody was authorized by law, the Parole Executive telegraphed the United States Marshal to release the defendant from federal custody and the next day the Board of Parole entered a formal order to the same effect.

In spite of the breadth of Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), and Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), the later case of Golden v. Zwickler, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113, decided March 4, 1969, but not yet reported, makes it clear that this habeas corpus proceeding is moot. Petitioner has obtained all possible relief which could have been ordered on the merits. No collateral consequences subject to attack in this proceeding remain. Any attack on the validity of petitioner's original federal sentence may properly be made only by Section 2255 motion.

It is therefore not necessary for this Court to reach the legal questions of constitutional law outlined in our order to show cause, particularly in light of our order which, consistent with our duty under Section 2254, Title 28, United States Code, to dispose of this case as "law and justice require," will make adequate provision against any further effort of the Board of Parole to reopen petitioner's case or to claim custody of petitioner under the five year sentence imposed by this Court in 1956.

For the reasons stated, it is

Ordered that this case should be and the same is hereby dismissed without prejudice for the reason that respondents' voluntary release of petitioner from federal custody in the face of our order to show cause has rendered this cause moot. It is further

Ordered that the Board of Parole shall not attempt to reopen petitioner's case

No. 74258–L nor shall it attempt to claim power to require petitioner to serve the 579 days allegedly remaining on the five year sentence imposed by the late Judge R. Jasper Smith on December 21, 1956, without first obtaining leave of this Court.