**Gerald KINNISON, Plaintiff,**

v.

**U. S. BOARD OF PAROLE and Warden Arnold, Defendants.**

**Civ. No. 75–1322.**

United States District Court,
M. D. Pennsylvania.

Dec. 18, 1975.

Order Jan. 21, 1976.

Gerald Kinnison, pro se.

Harry Nagle, Joseph F. Cimini, Asst. U. S. Attys., Lewisburg, Pa., for defendants.

MUIR, District Judge.

### ORDER
Dec. 18, 1975

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Kinnison filed a petition for a writ of habeas corpus on October 29, 1975 challenging the action of the United States Board of Parole in denying him parole. He claims and the Government admits

that he was given a hearing before a panel of Parole Board Hearing Examiners in June, 1975 which recommended his parole effective October 8, 1975 to an approved plan. Later in June, 1975, the Administrative Hearing Examiner, on review of the panel's decision, modified it and continued Kinnison's incarceration and scheduled an institutional review hearing in October, 1976. This modification was affirmed by the Board's Regional Director.

■ Kinnison alleges that this action by the Administrative Hearing Examiner and the Regional Director violates his rights in two ways. First, Kinnison relies on 18 U.S.C. § 4205 [1] for the proposition that the Board cannot revoke or rescind a prisoner's parole except on the basis of the parole violation warrant at a revocation hearing as mandated by *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Kinnison's reliance on this statute and *Morrissey* is misplaced. It is true that the only way the Board may revoke a prisoner's parole is by way of § 4205. But that section's requirements only come into play after a prisoner has been released on parole. As will be shown in the discussion of the Board's regulations *infra,* the decision by the Hearing Examiners was not a final decision by the Board to release Kinnison on parole. Therefore, the provisions of § 4205 do not apply.

■ Kinnison's second assertion is that the Regional Director did not follow the proper procedure in changing the exam-

iner panel's decision. Kinnison claims that his situation is governed by 28 C.F.R. § 2.24 [2] and that he was not afforded the required notice of the Regional Director's action. Kinnison's reliance on this regulation is also misplaced. The proper procedure for this case is found in 28 C.F.R. § 2.23(c) [3] and was followed in this case. Kinnison's petition shows that he was given a Salient Factor Score of 5 and an offense behavior rating of "greatest" severity. The guidelines found in 28 C.F.R. § 2.20 set a range of more than 55 months incarceration for persons situated such as Kinnison. No specific ranges are given as in the other offense severity categories because of "the limited number of cases and the extreme variations in severity possible within the category." By June, 1975, Kinnison had been in custody approximately 38 months. Therefore, a decision to release him on parole at that point would have been outside of the guidelines. The Board did not abuse its discretion in this matter when it overruled the Hearing Examiner Panel and denied parole to Kinnison.

Kinnison raised several issues in his traverse to the Government's response which were not raised in his original petition. The first issue is the applicability of § 557(c) of the Administrative Procedure Act, 5 U.S.C. § 557(c), to his case. Kinnison contends that the Board did not follow the mandates of that section before making the decision to continue his incarceration. Secondly, Kinnison

1. 18 U.S.C. § 4205 provides in relevant part: "A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced . .."

2. 28 C.F.R. § 2.24 states: "A Regional Director may review the decision of any examiner panel and refer this decision, prior to written notification to the prisoner, with his recommendation and vote to the National Directors for reconsideration and any action deemed appropriate. Written notice of this reconsideration action shall be mailed or transmitted to the prisoner within 15 working days of the date of the hearing. The Regional Director and each

National Director shall have one vote and decision shall be based on the concurrence of two votes."

3. 28 C.F.R. § 2.23(c) states "When a hearing examiner panel proposes to make a decision which falls outside of explicit guidelines for parole decision-making promulgated by the Board, the case shall be reviewed by the appropriate regional Administrative Hearing Examiner. When an Administrative Hearing Examiner does not concur in a decision of an examiner panel to set a parole effective date or continuance outside the Board's guidelines he may with the concurrence of the Regional Director modify the date to the nearest limit of the guidelines."

raised the question of whether the Board had sufficient factual support for its reasons to deny his parole, namely, his involvement in "multiple bank robberies— use of threats". The third issue Kinnison raised for the first time in his reply was the question of the Board's use of guidelines that were not in effect at the time of his interview for parole. As Kinnison did not allege sufficient facts to support these last two newly-raised contentions, they are not properly before the Court. *Curtis v. Everette,* 489 F.2d 516 (3d Cir. 1973). The Court will, however, order the Government to brief the issue of the applicability of § 557(c) of the Administrative Procedure Act, 5 U.S.C. § 557(c), to this situation.

Now, therefore, it is ordered that:

The Respondents shall within 15 days of the date of this Order submit a brief on the applicability of the Administrative Procedure Act, 5 U.S.C. § 557(c) to its proceedings in Kinnison's case.

## ORDER

Jan. 21, 1976.

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

■ On December 18, 1975, this Court ordered the Respondents to submit an additional brief on the applicability of the Administrative Procedure Act, 5 U.S.C. § 557(c) to the Board's proceedings with respect to Kinnison. The statutory provision in question mandates a procedure for the submission of supporting materials to agency decision-makers when an initial decision by subordinate personnel is being reviewed. The procedure is required in cases of agency "adjudication" which are mandated by statute after a hearing. See 5 U.S.C. §§ 554–556.

The Government contends that since the procedures of the United States Board of Parole are fixed by statute, the procedural requirements in the Administrative Procedure Act discussed above have no application to it. The government relies on *Hiatt v. Compagna et al.,* 178 F.2d 42 (5th Cir. 1949), *aff'd per curiam,* 340 U.S. 880, 71 S.Ct. 192, 95 L.Ed. 639 (1950) and its position has merit. *Hiatt* involved parole revocation and held that the Administrative Procedure Act had no application to the Board of Parole. The Third Circuit Court of Appeals has also viewed the Administrative Procedure Act as being inapplicable to a case involving the right to counsel at parole revocation hearings. *Washington v. Hagen,* 287 F.2d 332 (3d Cir. 1960). In *Hyser v. Reed,* 115 U.S.App. D.C. 254, 318 F.2d 225 (1963), then Circuit Judge Burger stated that the coverage of the Administrative Procedure Act is limited to agencies which are required by their own statute of creation to "adjudicate" after a hearing and concluded that the Board of Parole did not "adjudicate" nor was it required by statute to hold hearings in the parole release decision-making process.

Kinnison's reliance on *Pickus v. U. S. Board of Parole,* 507 F.2d 1107 (D.C.Cir. 1974) is misplaced. *Pickus* held that the Board was an "agency" within the meaning of the Administrative Procedure Act and had to comply with the Act's rule-making procedures. That case does not have any bearing on the issues herein which involve agency decision-making.

The other issues Kinnison raised were discussed in the Order issued by the Court on December 18, 1975 and found to be without merit. The issue discussed here is also without merit and, therefore, his petition will be denied.

Now, therefore, it is ordered that:

1. Kinnison's petition for a writ of habeas corpus is denied.

2. The Deputy Clerk of Court shall enter judgment in favor of the Respondents.